IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY WARREN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-3603-M |
| | § | |
| BANK OF AMERICA, N.A., as Successor | § | |
| by Merger to BAC Home Loans Servicing | § | |
| L.P. formerly known as Countrywide Home | § | |
| Loans Servicing, L.P., | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the *Standing Order of Reference* filed January 3, 2012, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court for recommendation is *Defendant's Motion to Dismiss*, filed January 6, 2012 (doc. 5). Based on the relevant filings, and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND[1]

This action involves an attempted foreclosure of real property located at 4131 Buena Vista Street, Dallas, Texas 75204 (the property). (*See* doc. 1-2.) Plaintiff Randy Warren (Plaintiff) has filed the action against Bank of America, N.A.(BOA or Defendant), successor by merger to BAC Home Loans Servicing, L.P. (BAC), formerly known as Countrywide Home Loans Servicing, L.P. (Countrywide), to obtain a declaratory judgment and to quiet title to the property in his favor. (*Id.*)

Plaintiff purchased the property on September 20, 2006, by borrowing $255,200.00 from

---

[1] The background facts are mostly taken from Plaintiff's complaint (*see* doc. 1-2) and the documents attached to Defendant's motion (*see* doc. 5) that are referenced in Plaintiff's complaint and are central to his claims.

American Brokers Conduit (American Brokers).  (doc. 5-3.)  He promised to pay back the loan by executing a promissory note (*id.*), and secured the note by executing a deed of trust (doc. 5-4).  The note and deed of trust both identified American Brokers as "Lender."  (doc. 5-3 at 1; doc. 5-4 at 1.)  The deed of trust named Mortgage Electronic Registration Systems, Inc. (MERS), the nominee for Lender and its successors and assigns, as its beneficiary.  (doc. 5-4 at 1.)  The deed of trust granted MERS the right to exercise any or all of the interests Plaintiff granted in the deed of trust, including, but not limited to, the right to foreclose and sell the property, and to take any action required of Lender, including, but not limited to, releasing and canceling the deed of trust. (*Id.* at 3.)

In December 2008, MERS assigned the note and deed of trust to Countrywide.  (doc. 5-5 at 1.)  The assignment document identified MERS as the assignor and specified that MERS was acting as a "nominee for Lender and Lender's successors and assigns."  (*Id.*)  The assignment was filed with the Dallas County Clerk.  (*See* doc. 1-2 at 5.)  Countrywide subsequently came to be known as BAC, and BOA became a successor by merger to BAC.  (*Id.* at 4, 6.)  BOA then apparently attempted to foreclose on the property by filing a notice of substitute trustee sale.  (*Id.* at 3.)

On December 6, 2011, Plaintiff filed this action in state court, disputing BOA's authority to declare a default, accelerate the debt, appoint a substitute trustee, or conduct a foreclosure sale.  (*See* doc. 1-2.)  He alleges that MERS could not assign any rights in the note and deed of trust to Countrywide or BOA because MERS was not a party to, and never had a beneficial interest in, the note, and because Dallas County property records do not evidence an assignment of the note from American Brokers to MERS.  (*Id.* at 5-6.)  He also asserts that the assignment document is "completely ambiguous", and that there is no evidence that BOA acquired an interest in the note and deed of trust from Countrywide.  (*Id.* at 6.)  While he concedes that BOA's notice of substitute

trustee sale stated that BOA is a successor by merger to BAC, he alleges that there are no filings with the Dallas County Clerk indicating that BOA acquired BAC's interest. (*Id.*) He further alleges that BOA's claim to an interest in the note and deed of trust is called into question by Federal National Mortgage Association's (Fannie Mae) claim that it owns a loan for the property. (*Id.*) With both Fannie Mae and BOA claiming an interest in the property, Plaintiff claims he faces the potential for multiple liabilities. (*Id.*) Finally, Plaintiff asserts that the note was securitized – i.e., pooled with similar debt for sale of the debt as securities (i.e. residential mortgage-backed securities) to investors – and transferred to unknown investors. (*Id.* at 6-7.) As a result of these securities transactions, he argues, BOA is not the present owner of the note and has no right to sell the property at foreclosure. (*Id.*)

On December 6, 2011, the state court issued a temporary restraining order restraining BOA from foreclosing on the property. (doc. 1-2 at 20-22.) On December 30, 2011, BOA removed the action on the basis of diversity jurisdiction. (doc. 1.) BOA now moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. (doc. 5.) With a timely filed response (doc. 7) and reply (doc. 8), the motion is ripe for recommendation.

## II.  RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th

3

Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most

favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even

if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery

is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation

omitted).  Although "detailed factual allegations" are not necessary, a plaintiff must provide "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do."  *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions").  The alleged facts must "raise a right to relief above the speculative level."  *Twombly*,

550 U.S. at 555.  In short, a complaint fails to state a claim upon which relief may be granted when

it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the miscon-
> duct alleged.  The plausibility standard is not akin to a "probability requirement," but
> it asks for more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are "merely consistent with" a defendant's liabil-
> ity, it "stops short of the line between possibility and plausibility of 'entitlement to
> relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When plaintiffs "have not nudged their claims across

the line from conceivable to plausible, their complaint must be dismissed."  *Twombly*, 550 U.S. at

570; *accord Iqbal*, 129 S. Ct. at 1950-51.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion.  *Spivey*,

197 F.3d at 774; *Baker*, 75 F.3d at 196.  Pleadings in the 12(b)(6) context include attachments to the

complaint.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v.*

*Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Documents "attache[d] to a motion

4

to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins*, 224 F.3d at 499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003).  In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). When a party presents "matters outside the pleading" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss.  *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz  Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).  However, "[i]f . . . matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56", and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

Here, Defendant has attached to its motion copies of documents it contends are the note, the deed of trust, and the assignment from MERS to Countrywide.  (*See* doc. 5.)  Because the documents are referenced in Plaintiff's complaint and central to his claims, the Court can consider them without converting the motion to dismiss into a motion for summary judgment.

### III.  CLAIM TO QUIET TITLE

Defendant moves to dismiss Plaintiff's claim for suit to quiet title, arguing that he has failed to allege tender or offer of tender of the debt, has failed to plead he has superior title to the property, and has based his claim entirely on what it contends are meritless theories regarding the role of

MERS.  (doc. 5-1 at 19-22.)[2]

A suit to quiet title, also known as a suit to remove cloud from title, "relies on the invalidity of the defendant's claim to property."  *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  A plaintiff must show that: (1) he or she has an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable.  *See U.S. Nat'l Bank Ass'n v. Johnson*, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011) (citations omitted).  A plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference."  *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied).  The plaintiff must recover on the strength of his own title, not on the weakness of his adversary's title.  *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

**A.  Tender of Debt**

Defendant first argues that Plaintiff's sole claim for quiet title fails because he has failed to allege he has tendered or offered to tender the full amount owed on the promissory note.  (doc. 5-1 at 11-12, 20.)  It contends that a party seeking an equitable remedy under Texas law must do equity and come to court with clean hands.  (*Id.* at 11.)  Although courts in Texas have found tender a necessary condition for an action to *recover* title based on the principle that a party seeking an equitable remedy must do equity, Defendant does not present any authority that such tender is a

---

[2]  Defendant initially moves to dismiss the complaint in its entirety on grounds that Plaintiff failed to allege tender of the underlying debt, and that his entire case is predicated on his fundamentally flawed theories regarding MERS.  (*See* doc. 5-1 at 8, 11-19.)  The only recognizable claim in Plaintiff's complaint is his claim to quiet title, and Defendant's grounds for dismissal of this claim are the same as those for dismissal of the entire complaint.  The quiet title claim will therefore be considered first, followed by any arguments regarding Plaintiff's request for a declaratory judgment.

necessary condition for an action to *quiet* title under Texas law.  *See Giles v. Bank of Am., N.A.*,
2012 WL 1038581, at *4 (W.D. Tex. Mar. 27, 2012) (emphasis in original).  Defendant's motion
to dismiss the quiet title claim based on the failure to allege tender or offer tender of the debt should
therefore be denied.

## B.  Superior Title

Defendant next argues that Plaintiff fails to allege he has superior title to the property.  (doc.
5-1 at 20.)  In order to allege superior title, Plaintiff: (1) challenges MERS' assignment of the note
and deed of trust to Countrywide; (2) questions BOA's acquisition of BAC's interest; (3) claims that
BOA's claim to an interest in the note and deed of trust has been called into doubt by Fannie Mae's
claim to the property; and (4) alleges that, as a result of the securitization of the note, BOA is not
the present owner of the note and has no right to sell the property at foreclosure.  (doc. 1-2 at 5-8,
10.)

### 1.  <u>MERS' Assignment to Countrywide</u>

Plaintiff asserts that MERS had no right to assign the note and deed of trust to Countrywide
because MERS was not a party to, and never had a beneficial interest in, the note, and there is no
evidence in Dallas County property records of an assignment of the note from American Brokers
to MERS.  (doc. 1-2 at 5.)  BOA therefore acquired no interest from MERS in the note and deed of
trust and does not have superior title to the property.  (*Id.* at 5-6.)

Plaintiff's assertions regarding MERS' role in the assignment fail for several reasons.  As
an initial matter, he does not have standing to challenge the assignment because he was not a party
to it.  *See James v. Wells Fargo Bank*, N.A., 2012 WL 778510, at *2 (N.D. Tex. Mar. 12, 2012)
(citing *Eskridge v. Fed. Home Loan Mortg. Corp.*, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24,

2011)).  Even if he had standing, MERS had the authority to assign the note and deed of trust because the deed of trust named MERS as a beneficiary and nominee for the original lender and its successors and assigns, and granted it the right to sell and foreclose on the property.  *See Lamb v. Wells Fargo Bank, N.A.*, 2012 WL 1888152, at *5 (N.D. Tex. May 24, 2012); *Dempsey v. U.S. Bank Nat'l*, 2012 WL 2036434, at *5 (E.D. Tex. Jun. 6, 2012) (citing *Eskeridge*, 2011 WL 2163989, at *5).  Upon assignment of the deed of trust, Countrywide and its successors acquired those same rights to sell and foreclose the property.  *See Lamb*, 2012 WL 1888152, at *5 (citing *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. July 7, 2011)).  Finally, while the note may not have specifically mentioned MERS, the note and deed of trust must be read together in evaluating the terms and construed together as a single instrument.  *Dempsey*, 2012 WL 2036434, at *5 (citing *Eskeridge*, 2011 WL 2163989, at *5).

Plaintiff also complains that MERS did not make the assignment as nominee for Lender and its successors and assigns, and that the assignment document simply sets out MERS as the assignor, fails to specify who is assigning the note and deed of trust to Countrywide, and fails to specify who Lender and its successors and assigns are.  (doc. 1-2 at 5-6.)  These allegations are contradicted by the assignment document itself, which has been incorporated into the complaint by reference.  The document specifies that MERS, as nominees for Lender and its successors and assigns, is the assignor.  (doc. 5-5 at 1.)  While it does not specify who Lender and its successors and assigns are, it purports to assign the note and deed of trust, both of which identify American Brokers as Lender. (*Id.*)  Finally, Plaintiff does not allege that American Brokers was actually succeeded by another entity or that it assigned the note and deed of trust to anyone else.

Plaintiff's allegations regarding MERS' assignment of the note and deed of trust do not give

rise to a reasonable inference that Plaintiff has superior title to the property.

### 2. **BOA's Acquisition of BAC's Interest**

Plaintiff next questions whether BOA acquired an interest in the note and deed of trust from Countrywide or BAC.  (doc. 1-2 at 6.)  Because he sues BOA as a successor by merger to BAC, and pleads that BOA's notice of substitute trustee sale states that BOA is a successor by merger to BAC, he essentially concedes that BOA is a successor by merger to BAC.  (*Id.*)  His sole contention is that there are no filings with the Dallas County Clerk indicating that BOA acquired BAC's interest, and therefore BOA had no right to exercise any of BAC's rights under the note and deed of trust.  (*Id.*)  Neither Plaintiff's filings nor his briefing identify any legal authority to support this position, however.  Nor do they provide any authority to show that the lack of a filing with the County Clerk extinguishes any interest acquired by BOA as BAC's successor and vests superior title in Plaintiff.  Without any legal basis in support, Plaintiff's suit to quiet title based on the absence of filings related to BOA's acquisition of BAC's interests fails and is also subject to dismissal for failure to state a claim.

### 3. **Fannie Mae's Claim**

Plaintiff further alleges that BOA's claim to an interest in the note and deed of trust is called into question by Federal National Mortgage Association (Fannie Mae)'s claim that it owns a loan at the property.  (doc. 1-2 at 6.)  With both Fannie Mae and BOA claiming an interest in the property, he claims he faces the potential for multiple liabilities.  (*Id.*)  Aside from the fact that his conclusory allegation about Fannie Mae's claim is unsupported by specific factual allegations, Plaintiff does not explain how the allegation gives rise to a reasonable inference that *he* has superior title to the property.  The allegation impermissibly relies on the weakness of BOA's title and not on

the strength of his own title. *See Fricks*, 45 S.W.3d at 327. Notably, Plaintiff does not allege he was current on his mortgage payments when BOA tried to foreclose on his property and offers only meritless theories to excuse his failure to make those payments. As noted, a plaintiff asserting a quiet title claim must recover on the strength of his own title, not on the weakness of his adversary's title. *Id.* Plaintiff's suit to quiet title based on Fannie Mae's alleged claim should also be dismissed for failure to state a claim.

### 4. Securitization of the Note

Plaintiff finally asserts that the debt was securitized, i.e. pooled with similar debt pursuant to a pooling and servicing agreement and transferred into an assert-backed trust, for the purpose of creating saleable residential mortgage-backed securities. (doc. 1-2 at 6-8.) He argues that the transfer of the debt into the trust would have extinguished the rights of any and all parties to the note. (*Id.*) American Brokers and MERS would therefore have no right to assign the note and BOA could not have acquired any rights in the note via the assignment. (*Id.*) He also argues that the securities transactions made it impossible for him to discharge his obligations under the note. (*Id.* at 8.)

Again, neither Plaintiff's pleadings nor his brief even allude to any legal authority in support of his theory that the securitization of the debt rendered the note and accompanying deed of trust unenforceable and discharged his obligations under the note and deed of trust. Several courts that have considered the theory have found it without merit or any legal basis. *See e.g. Wittenberg v. Wells Fargo Bank, N.A.*, 2012 WL 443781, at *19 (N.D. W. Va. Feb. 10, 2012) (rejecting arguments by the borrower that securitization of her loan rendered her note unenforceable); *Suss v. JP Morgan Chase Bank, N.A.*, 2012 WL 2733097, at *5-6 (D. Md. July 9, 2010) (same); *Frazier v. Aegis*

*Wholesale Corp.*, 2011 WL 6303391, at *4 (N.D. Cal. Dec. 16, 2011) (holding that securitization of the borrower's loan had no effect on the ability of MERS to foreclose or transfer); *Upperman v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 1610414, at *3 (E.D. Va. Apr. 16, 2010) (finding no authority that the mere existence of a pooling or servicing agreement or investment trust can relieve borrowers of their obligation to perform under a duly executed note and deed of trust, and holding that even if the note was securitized, the borrower's claim that such securitization rendered the note and deed of trust unenforceable was legally flawed); *Lamb*, 2012 WL 1888152, at *5 (finding the borrower's argument that a pooling and servicing agreement prevented assignment of his mortgage meritless, and explaining that the mortgage and the mortgage loan were not interchangeable and therefore the transfer of the mortgage loan into the trust did not affect MERS' authority as the lender's nominee and beneficiary to sell, transfer, assign, or foreclose on the property at issue).  The court should likewise find this theory meritless.

Since Plaintiff has failed to sufficiently plead he has superior title to the property, his suit to quiet title is subject to dismissal for failure to state a claim.

## IV.  DECLARATORY JUDGMENT

Defendant next urges dismissal of Plaintiff's request for declaratory judgment, arguing that a request for declaratory judgment is a remedy and not a cause of action.  (doc. 5 at 20-21.)

Plaintiff's petition seeks relief under the Texas Declaratory Judgments Act, codified in §§ 37.001-37.011 of the Texas Civil Practice & Remedies Code.  (*See* doc. 1-2 at 9-10.)  "The Texas act is a procedural, rather than substantive, provision, and would generally not apply to a removed action such as this one." *Brock v. Fed. Nat'l Mortg. Ass'n*, 2012 WL 620550, at *5 (N.D. Tex. Feb. 24, 2012) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)).  However,

in light of removal from state court, the action may be construed as one brought under the federal

Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  *See Bell v. Bank of Am. Home Loan Servicing*

*LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (holding that "[w]hen a declaratory judgment

action is filed in state court and is subsequently removed to federal court, it is converted to one

brought under the federal Declaratory Judgment Act").

The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within

its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may

declare the rights and other legal relations of any interested party seeking such declaration, whether

or not further relief is or could be sought."  28 U.S.C. § 2201.  The federal Declaratory Judgment

Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to

obtain an early adjudication of an actual controversy arising under other substantive law."  *Metropcs*

*Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009)

(Fitzwater, C.J.) (citations and internal quotation marks omitted).  The Act is an authorization and

not a command, and allows federal courts broad (not unfettered) discretion to grant or refuse

declaratory judgment.  *Id.*

Here, Plaintiff seeks a declaration that BOA lacks any interest under the note and deed of

trust and therefore has no right to conduct a sale of the property.  He also seeks a declaration that

BOA did not know whether a default had occurred or had been declared by the actual owners of the

debt evidenced by the note, and that it lacks the authority to declare a default, otherwise pursue

collection of the debt under the note, sell the property, distribute any proceeds from the sale of the

property, keep any proceeds of the sale for itself, give trustee's deed free and clear of the debt

evidenced by the note, or give an enforceable release of the trust deed.  As discussed, however, he

has alleged no facts giving rise to a plausible substantive claim or suggesting a present genuine controversy between the parties.  His request for declaratory judgment is therefore also subject to dismissal.  *See Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant); *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, at *5-6 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

## V.  REQUEST FOR LEAVE TO AMEND

As an alternative to dismissal of his complaint for failure to state a claim, Plaintiff seeks an opportunity to replead to cure any deficiencies.  (doc. 7 at 2, 9-10.)

Where, as here, a responsive pleading has not been filed, Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading once as a matter of course within 21 days after serving it.  Otherwise, either the opposing party's written consent or the court's leave is required. *See* Fed. R. Civ. P. 15(a)(2).  Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely."  *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982).  A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment.  *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).  Leave to amend should not be denied unless there is a *substantial reason* to do so.  *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998).  There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend*

13

*Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Here, any repleading of the theories underlying Plaintiff's quiet title claim and declaratory judgment action will be futile and will unnecessarily delay the disposition of this case.  As discussed, Plaintiff's theory that the assignment of the note and deed of trust was not valid is meritless and contradicted by the note, the deed of trust, and the assignment.  His theory that BOA had no right to exercise BAC's rights under the note and deed of trust because of a lack of filings indicating BOA acquired BAC's interest, has no legal basis.  His theory that the securitization of the debt rendered the note and accompanying deed of trust unenforceable and discharged his obligation under the note and deed of trust is also meritless and without any legal basis.  Finally, even if he were to allege more facts in support of his allegation that Fannie Mae claims an interest in the loan on the property, the allegations would still not give rise to a reasonable inference that he has superior title to the property.  The allegation impermissibly relies on the weakness, if any, of BOA's title and not on the strength of his title.  Plaintiff's request for leave to amend the pleadings should therefore be denied.

## VI.  RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED**, and Plaintiff's complaint against it should be dismissed with prejudice and without an opportunity to replead.

**SO RECOMMENDED on this 19th day of June, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

15